IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ALAIN I. VIRGEN and SYLVIA D. VIRGEN, individuals,<br>        Plaintiff,<br>v.<br>WACHOVIA MORTGAGE CORPORATION; CAL-WESTERN RECONVEYANCE CORPORATION and DOES 1- 10,<br>        Defendants. | 2:09-cv-01426-GEB-EFB<br><br>ORDER IMPOSING SANCTIONS; OSC; SETTING STATUS CONFERENCE AND RULE 4(M) NOTICE |

        Plaintiffs and their lawyer were issued an Order to Show Cause on August 14, 2009 ("August 14 OSC"), which required them to explain why sanctions should not be imposed for Plaintiffs' failure to file a timely status report. Since no timely status report was filed, the status conference was rescheduled to October 19, 2009, and Plaintiff was required to file a status report no later than fourteen days prior to the October 19 status conference.

        Plaintiffs and their lawyer failed to respond to the August 14 OSC, and have not filed a status report required by the August 14 OSC.

        "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . . Disregard of the order would undermine the court's ability to control its docket . . . and reward the indolent and the cavalier." Johnson v. Mammoth Recreations, Inc. 975 F.2d 604, 610 (9th Cir. 1992) (internal citation and quotations omitted); see also Ayers v. City of

1  Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanction of
2  lawyer for failure to attend a settlement conference because **"the date**
3  **'slipped by him'"**) (emphasis added).  "The cogs of the wheel of
4  justice move much more smoothly when attorneys who practice in this
5  court follow the rules of practice and procedure . . . ."  Dela Rosa
6  v. Scottsdale Memorial Health Systems, Inc., 136 F.3d 1241, 1244 (9th
7  Cir. 1998).

8       Since Plaintiffs' counsel failed to file a timely status
9  report, and did not respond to the August 14 OSC, Plaintiffs' attorney
10 John W. Villines and/or JV Law is sanctioned four hundred dollars
11 ($400.00) for failure to timely file a status report.  This sanction
12 shall be paid to the Clerk of this Court within ten (10) days from the
13 date on which this Order is filed by a check made payable to the
14 "United States Treasury."  Proof of payment shall be sent to the
15 undersigned judge's chambers within five (5) days of payment.  This
16 sanction is personal to counsel or his law firm and shall not be
17 transmitted to counsel's clients.

18       Further, since Plaintiffs also failed to file a status
19 report on October 5, 2009, required by the August 14 OSC, Plaintiffs
20 and their lawyer are Ordered to Show Cause ("OSC") in a writing to be
21 filed no later than 4:00 p.m. on October 15, 2009, why sanctions
22 should not be imposed against them and/or their counsel under Rule
23 16(f) of the Federal Rules of Civil Procedure for failure to file a
24 timely status report.  The written response shall also state whether
25 Plaintiffs or their counsel is at fault, and whether a hearing is
26 requested on the OSC.[1]  If a hearing is requested, it will be held on

27 ─────────────
28     [1]    "If the fault lies with the attorney, that is where the impact
                                                              (continued...)

                                    2

1  November 16, 2009, at 9:00 a.m., just prior to the status conference,
2  which is rescheduled to that date.  In accordance with the
3  requirements set forth in the May 22, 2009 Initial Scheduling Order, a
4  joint status report shall be filed no later than fourteen days prior
5  to the status conference.
6         Also, Plaintiffs shall show cause in a writing to be filed
7  no later than 4:00 p.m. on October 15, 2009, why this action should
8  not be dismissed because of their failure to comply with two orders
9  requiring that a status report be filed.
10         Further, service of process should have been completed on
11 September 19, 2009 on every defendant named in the complaint
12 Plaintiffs filed on May 22, 2009.  Plaintiffs shall show cause in a
13 filing **due within five days after this order is filed** why any unserved
14 defendant should not be dismissed from because of plaintiff's failure
15 to serve that defendant within Rule 4(m)'s 120-day time service
16 period.  If service has been made a proof of service shall be filed
17 **within five days after this order is filed** to avoid dismissal.
18         Lastly, the Doe defendants are dismissed, since timely
19 justification has not been filed warranting Doe defendant allegations
20 remaining in this case.

Dated:  October 8, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1](...continued)
of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  <u>Matter of Sanction of Baker</u>, 744 F.2d 1438, 1442 (10th Cir. 1984), <u>cert. denied</u>, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. <u>In re Hill</u>, 775 F.2d 1385, 1387 (9th Cir. 1985).